IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, #10671-023,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN WERLICH,<br><br>    Defendant. | Case No. 19-cv-00731-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Michael Curtis Reynolds, an inmate who is currently incarcerated at the United States Penitentiary located in Greenville, Illinois ("USP Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the confiscation of personal property.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## DISCUSSION

In the Petition, Reynolds claims that on two separate occasions he was deprived of his property without confiscation forms, and he has received no compensation in

violation of his due process rights. (Doc. 1, p. 1). He states that because he cannot seek monetary refunds under Section 2241, he requests the Court to order Respondent Werlich to replace the lost property. (*Id.*).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Section 2241 cannot be used to challenge the conditions of confinement at USP Greenville, however, as Reynolds does here. *See Glaus v. Anderson,* 408 F.3d 382, 386 (2005).

Claims seeking redress for a violation of constitutional rights by a person acting under the color of federal authority may be brought against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court cannot convert his matter, however, to a *Bivens* action for Reynolds because doing so may lead to unfavorable consequences under the Prison Litigation Reform Act, such as a higher filing fee and the risk of receiving a "strike" under 28 U.S.C. § 1915(g). *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). A review of Reynold's litigation history reveals that he has accrued at least seven "strikes" pursuant to Section 1915(g) and that this is not the first time he has attempted to "shoehorn civil rights claims into a habeas proceeding[.]" *Reynolds v. Werlich,* No. 18-cv-1186-DRH, 2018 WL 3536753 *2 (S.D. Ill. July 20, 2018) (citing case history); *see also Reynolds v. United States,* No. 14-cv-1733 (M.D. Pa. Feb. 28, 2007) (Doc. 7, dismissing case pursuant to Section 1915(g) and citing case history). Reynolds titles the petition "Motion Under 28 U.S.C. § 2241 for Administrative Relief" and states that he knows that monetary refunds are not available under Section 2241. (Doc. 1, p. 1). Accordingly, he clearly intended to file this petition pursuant to Section

2241, and the Court will not recharacterize the habeas petition as a complaint brought pursuant to *Bivens.*

Because Reynolds is not challenging the validity of his conviction or sentence or the fact or duration of confinement, the Petition will be dismissed. The Court takes no position regarding the ultimate merits of his claims, however, should Reynolds pursue a separate civil rights action, he is **WARNED** that failure to disclose his "strikes" received under Section 1915(g) when seeking to proceed *in forma pauperis* in a civil rights action may result in sanctions. *See Reynolds v. United States,* No. 19-cv-01390 (S.D. Ill. Jan. 10, 2020) (Doc. 3, order denying IFP Motion and ordering Reynolds to show cause why he should not be sanctioned for fraudulent litigation conduct).

## EMERGENCY MOTION

Reynolds has also filed a motion seeking immediate transfer to a facility that is 500 miles drivable from Connecticut in accordance with the First Step Act. (Doc. 6). This motion will be denied, as there are no claims in the Petition regarding Reynold's prison placement or the First Step Act.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Emergency Motion for Failure to Abide Under the First Step Act (Doc. 6) is **DENIED.**

If Reynolds wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Reynolds plans to present

on appeal. See FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Reynolds will be required to pay a portion of the $ 505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Reynolds to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: January 16, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**